# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 28, 2014 Session

## DENNIS TURNER ET AL. v. CITY OF BEAN STATION ET AL.

**Interlocutory Appeal from the Circuit Court for Grainger County**
**No. 8862-I     Ben W. Hooper, II, Judge**

---

### No. E2013-02630-COA-R9-CV-FILED-DECEMBER 30, 2014

---

Dennis Turner was injured while playing softball in a charity tournament at Marvin Rich Field in Bean Station. He sued the City of Bean Station, among other defendants, alleging that the City negligently failed to properly maintain the pitcher's mound, pitcher's rubber, and the field as a whole, resulting in his injury. The City moved for summary judgment, arguing that its governmental immunity is not removed by the Governmental Tort Liability Act (GTLA), which removes immunity for "any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement *owned and controlled by [a] governmental entity*." Tenn. Code Ann. § 29-20-204(a)(2012) (emphasis added). The City presented proof establishing that it does not own Marvin Rich Field. The trial court denied the motion but granted permission for an interlocutory appeal. We reverse the trial court's judgment and grant the City's motion for summary judgment.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission;**
**Judgment of the Circuit Court Reversed; Case Dismissed and Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Nathan D. Rowell and Brian R. Bibb, Knoxville, Tennessee, for the appellant, City of Bean Station.

No appearance by or on behalf of the appellees, Dennis Turner and Rita Turner.

# OPINION

## I.

According to the complaint, plaintiff[1] was playing softball in a charity tournament on August 14, 2010. He was pitching. A ball hit by a batter bounced off the pitcher's rubber, a small strip of rubber on the mound. The softball hit plaintiff in the face, causing serious injury.

Plaintiff and his wife Rita Turner brought this negligence action against the City, the Mooresburg/Bean Station Little League, and four other individuals alleged to have been responsible for the maintenance of Marvin Rich Field. Plaintiff's theory was that the pitcher's rubber should have been pounded into the ground so it was flush with the dirt, but instead was sticking up above ground level somewhat, creating a defective and dangerous condition.

The City moved for summary judgment, arguing that it was immune from suit under the sovereign immunity doctrine. The City argued that the GTLA removes immunity only for "any injury caused by the dangerous or defective condition of any public building, structure, . . . or other public improvement *owned and controlled by [a] governmental entity*," Tenn. Code Ann. § 29-20-204(a) (emphasis added), and that the City neither owned nor controlled Marvin Rich Field. The City presented evidence establishing that the property was owned by the Tennessee Valley Authority, which had granted the City a license for occupancy and "solely for recreational use as a ball park." The City "leased" the license to the little league, which was responsible for maintenance and upkeep of the field and grounds. At the time plaintiff was hurt, the little league had "subleased" the license to defendant Gina Harris, who was in charge of the charity softball tournament.

After discovery and a hearing, the trial court denied the City's motion for summary judgment.[2] The City requested permission to take an interlocutory appeal under Tenn. R. App. P. 9, which the trial court and this Court granted. Plaintiff was represented by counsel in the trial court, but did not file an appellate brief or appear for oral argument. The only issue before us on this appeal is whether the trial court erred in refusing to grant the City summary judgment.

---

[1]When we refer to the plaintiff in the singular, we are referring to Mr. Turner.

[2]The court also denied the little league's motion to dismiss. The little league's liability, if any, is not before us on this appeal.

-2-

II.

The underlying issue on appeal is whether a governmental entity can be liable under the GTLA if it does not own or control property on which a third party is injured. The trial court determined that there is no genuine issue of material fact with respect to this issue. " We review a trial court's decision on a motion for summary judgment de novo with no presumption of correctness. Issues of statutory construction are also reviewed de novo." *Harris v. Haynes*, 445 S.W.3d 143, 146 (Tenn. 2014) (internal citation omitted).

III.

Because the complaint was filed after July 1, 2011, Tenn. Code Ann. § 20-16-101 (Supp. 2014) applies to our analysis of summary judgment in this case. That statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

The issue before us involves construction of the GTLA. As the Supreme Court recently stated,

> When determining the meaning of statutes, we follow the standard rules of statutory construction. Our primary goal is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. We presume that every word in a statute has meaning and purpose and that each word's meaning should be given full effect as long as doing so does not frustrate the General Assembly's obvious intention. Words must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose. When a statute's meaning is clear, we apply the plain meaning without complicating the task and enforce the statute

as written.

> The statute at issue in this appeal is contained within the GTLA, which was enacted in 1973 and which provides a comprehensive scheme governing tort actions against governmental entities. *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997). The GTLA reaffirms the longstanding common law rule of sovereign immunity, stating, in pertinent part, as follows:

> > Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

> Tenn. Code Ann. § 29–20–201(a) (Supp.2013). After reaffirming governmental immunity generally, the GTLA removes governmental immunity in limited and enumerated instances. *Id.* §§ 29–20–202 to –205 (2012); *see also Hawks*, 960 S.W.2d at 14.

*Harris*, 445 S.W.3d at 146-47 (internal quotation marks, citations, and heading omitted).

As already noted, the section of the GTLA at issue in this case removes governmental immunity for "any injury caused by the dangerous or defective condition of any public building, structure, . . . or other public improvement *owned and controlled by [a] governmental entity*." Tenn. Code Ann. § 29-20-204(a)(emphasis added). This Court has observed on several occasions that an essential element of a premises liability claim under the GTLA requires a plaintiff to prove that "the governmental entity owns and controls the location or instrumentality alleged to have caused the injury." *Benn v. Pub. Bldg. Auth. of Knox Cnty.*, No. E2009-01083-COA-R3-CV, 2010 WL 2593932 at *2 (Tenn. Ct. App. E.S., filed June 28, 2010); *Watts v. Morris,* No. W2008-00896-COA-R3-CV, 2009 WL 1228273 at *5 (Tenn. Ct. App. W.S., filed May 6, 2009) ("For immunity to be removed pursuant to the GTLA, the location that allegedly caused the accident must be owned and controlled by the governmental entity being sued."); *Burgess v. Harley*, 934 S.W.2d 58, 63 (Tenn. Ct. App. 1996) (an "essential ingredient" of action under section 203(a) of the GTLA is "the local government must own and control the location or instrumentality alleged to have caused the injury"); *Harris v. Williamson Cnty.*, 835 S.W.2d 588, 590 (Tenn. Ct. App. 1992) (affirming

-4-

dismissal where "the evidence does not preponderate against the trial court's conclusion that Williamson County did not own or control the traffic signs in question"). In *Petty v. City of White House*, No. M2008-02453-COA-R3-CV, 2009 WL 2767140 (Tenn. Ct. App. M.S., filed Aug. 31, 2009), we held the GTLA removed governmental immunity where it was demonstrated that the municipality owned and controlled property containing two sports fields, bleachers, and a concession stand, finding the fields to be a "public improvement" under Tenn. Code Ann. § 29-20-204(a).

In this case, the City filed the affidavit of its mayor, who testified that,

> The City of Bean Station does not own the property known as Marvin Rich Field.
>
> The Mooresburg/Bean Station Little League is neither operated nor controlled by the City of Bean Station. At the time Plaintiff was injured, the City of Bean Station subleased its recreational use right to the Mooresburg/Bean Station Little League for recreational use of Marvin Rich Field as a ballpark.

At the end of the summary judgment hearing, the trial court stated that "there's no question TVA owns the property." The City filed a copy of the "license agreement for occupancy and use of TVA land" whereby TVA granted the City a license with respect to the property at issue "[s]olely for recreational use as a ball park, associated with Bean Station Little League, including concessions and restrooms." The license agreement gave the City the right "to make improvements, erect structures and install equipment in or upon the premises, upon receipt of advance written approval from TVA[.]" TVA did not charge the City for the license. The agreement was terminable at any time by either party by giving 30 days written notice. It further provides that "[t]he Licensee agrees that *it does not, and shall not, claim at any time any interest or estate of any kind or extent whatsoever in the premises, by virtue of this license or its occupancy or use hereunder*." (Emphasis added). As this Court has observed,

> "A 'license,' with respect to real estate, is an authority to do a particular act or series of acts on another's land without possessing any estate therein." ***Barksdale v. Marcum***, 7 Tenn. App. 697, 708, cert. den., (1928). It "is generally revocable at the will of the licensor." ***Id***. As the ***Barksdale*** court pointed out, a license generally does not create an interest in land. *See also **United States v. Anderson County, Tenn.***, 575 F. Supp. 574, 578 (E.D. Tenn. 1983).

*Lee Hwy. & Assocs, L.P. v. Pryor Bacon Co.*, No. 03A01-9507-CV-00237, 1995 WL 619941 at *3 (Tenn. Ct. App. E.S., filed Oct. 19, 1995).

The City answered plaintiff's interrogatories. Four of the interrogatories and the City's answers are as follows:

> INTERROGATORY NO. 1: Please state who is responsible for the maintenance of Marvin Rich Ballfield during the time the City of Bean Station has used the field, including address and phone number.
>
> ANSWER: Bean Station/Mooresburg Little League, 809 Whitehead Lane, Bean Station, TN 37708
>
> INTERROGATORY NO. 2: Has the City of Bean Station, its agents, assignees, lessees or representatives ever performed any maintenance or did any repairs to Marvin Rich Ballfield? If so, please state the type of maintenance and/or repair, the regularity/frequency, when it was done and by whom.
>
> ANSWER: The City of Bean Station never completed any work at Marvin Rich Field prior to January, 2012.
>
> INTERROGATORY NO. 3: Did the City of Bean Station, its agents, assignees, lessees or representatives perform any maintenance or repairs to Marvin Rich Ballfield in August 2010?
>
> ANSWER: No.
>
> INTERROGATORY NO. 4: Did the City of Bean Station lease or assign the use of Marvin Rich Ballfield to other persons or entities. If so, please state what persons or entities and when?
>
> ANSWER: Yes. The City leased the Marvin Rich Field to the Bean Station/Mooresburg Little League on November 20, 2005.

Based on the undisputed proof in the record, the City has demonstrated that plaintiff cannot establish an essential element of his premises liability claim, *i.e.*, whether the City

owned and controlled the property or public improvement alleged to be dangerous and defective. Consequently, the GTLA does not remove the City's governmental immunity.

IV.

The trial court's judgment denying the City's motion for summary judgment is reversed. The plaintiff's action against the City of Bean Station is dismissed. Costs on appeal are assessed to the appellees, Dennis Turner and Rita Turner. The case is remanded for further proceedings, if any, with respect to the remaining defendants.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE